■ EMANUEL DEVELOPMENT CORP., Appellant, v SPRING ROAD LJR/NIBA ASSOCIATES, LLC, et al., Respondents. [876 NYS2d 167]—

In an action for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 5, 2007, as denied its motion for summary judgment on the complaint, and (2) an order of the same court dated April 15, 2008, as, in effect, upon reargument, adhered to the original determination in the order dated December 5, 2007.

Ordered that the appeal from the order dated December 5, 2007 is dismissed, as the portion of the order appealed from was superseded by so much of the order dated April 15, 2008, as was made upon reargument; and it is further,

Ordered that the order dated April 15, 2008 is reversed insofar as appealed from, on the law, upon reargument, so much of the order dated December 5, 2007 as denied the plaintiff's motion for summary judgment on the complaint is vacated, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the plaintiff and against the defendants in the principal sum of $87,500; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On September 19, 2005 the plaintiff (hereinafter the purchaser) and the defendant Spring Road LJR/NIBA Associates, LLC (hereinafter the seller) entered into a contract regarding the purchase of commercial premises located at 24 Spring Road in Huntington for the sum of $1,750,000. The purchaser gave the seller a down payment in the sum of $87,500.

Paragraph 20 of the second rider to the contract provided, in pertinent part: "RE-ZONING APPROVAL: This agreement is subject to and conditioned upon the approval of Seller's application to allow for the construction of residential condominium units." The rider further provided that either party had the right to terminate the contract if "seller has failed to obtain Town Board approval for the re-zoning of the parcel within nine

months of the date of this agreement," i.e., September 19, 2005. The seller was responsible for the rezoning application and approval.

On June 6, 2006 the Town Board of the Town of Huntington (hereinafter the Town Board) rezoned the property from an R-7 residence district to an R-3M garden apartment district, and authorized the construction of seven residential units developed as townhouses, "with ownership by a Homeowners' Association." However, the rezoning resolution further provided that "the project will not be owned as a condominium or cooperative development."

By letter dated July 14, 2006, the purchaser demanded return of its down payment. In response, the seller set a closing date of August 17, 2006 and declared that time was of the essence. By letter dated August 14, 2006, the purchaser rejected the efforts to schedule a closing on the ground that the "[s]eller has not met its obligation under the terms of the contract."

In January 2007 the purchaser commenced this action for the return of its down payment, asserting that the Town Board's rezoning resolution did not comport with the conditions articulated in the contract of sale inasmuch as the resolution recited that "the project will *not* be owned as a condominium . . . development." After issue was joined, the purchaser moved for summary judgment on the complaint. The seller and the defendant Bradford J. Martin together cross-moved for summary judgment dismissing the complaint, asserting that the word "condominium" was used in the contract "in its generic sense to describe attached housing units." In reply, the purchaser asserted that the term "condominium" was to be interpreted in accordance with its legal meaning.

In an order dated December 5, 2007 the Supreme Court denied both the motion and the cross motion, finding that there were triable issues of fact which precluded the award of summary judgment to any party. In an order dated April 15, 2008 the Supreme Court, in effect, granted that branch of the purchaser's motion which was for leave to reargue its motion for summary judgment on the complaint, and adhered to the determination in the order dated December 5, 2007, denying the purchaser's motion for summary judgment on the complaint. The purchaser appeals. We reverse.

The purchaser correctly notes that the term "condominium" has a legal meaning, which is defined in article 9-B of the Real Property Law, and that there is nothing ambiguous about the use of the term. Accordingly, upon the Town Board's explicit refusal to permit condominium ownership, the purchaser had

the right to cancel the contract and, upon canceling the contract, to the return of its down payment.

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Dillon, J.P., Miller, Belen and Chambers, JJ., concur.